The Honorable Judge James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CURT-ALLEN: OF THE FAMILY OF BYRON,<br><br>PLAINTIFF,<br><br>vs.<br><br>JOHN LOVICK and SPOUSE, et al.,<br><br>DEFENDANTS. | NO. C10-609 JLR<br><br>DEFENDANT JOHN LOVICK'S FRCP 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, FILED IN LIEU OF AN ANSWER<br><br>NOTED FOR CONSIDERATION JUNE 18, 2010. |

## I. INTRODUCTION

Plaintiff Curt-Allen of the Family of Byron ("Plaintiff") alleges Defendant John Lovick and Lovick's spouse (collectively "Lovick") violated Plaintiff's rights. Specifically, Plaintiff alleges that he got cold when Snohomish County Jail ("Jail") custody officers detained him in a booking cell after he refused to wear Jail clothing or cooperate in the booking process. Plaintiff alleges further violations because Jail officers denied his requests for various items. Plaintiff does not explain how Lovick was involved. In addition to naming Lovick as a defendant, Plaintiff's suit names, among others, President

**DEFENDANT LOVICK'S MOTION TO DISMISS** (CV10-0609-JLR) - **1**

S:\Civil\Litigation\Pleadings\Curt-Allen\Dismiss.doc

**Snohomish County
Prosecuting Attorney – Civil Division
Robert Drewel Bldg., 7th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

Barack Obama, Secretary of State Hillary Clinton, and California Governor Arnold Schwarzenegger.

This lawsuit is utterly frivolous.  Plaintiff has failed allege facts and circumstances sufficient to establish a violation of any federally-protected right, and has not alleged Defendant Lovick to have committed any wrongdoing.  Accordingly, dismissal of Plaintiff's Complaint against Lovick pursuant to Federal Rule of Civil Procedure 12(b)(6) is warranted for multiple reasons.  Defendant Lovick also requests the court to determine the dismissal of this frivolous suit count as a "strike" against Plaintiff pursuant to 28 U.S.C. § 1915(g).

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff filed this suit on April 12, 2010.  Dkt. 1.  In his Complaint, Plaintiff alleges that, on Saturday April 3, 2010, he was arrested by a City of Marysville Police Officer Department and eventually booked into the Jail.  Dkt. 1 at p. 3 of 7.  At the Jail, Plaintiff alleges he was placed in a booking cell consisting only of a "concrete floor, concrete bench and brick walls with a steel sink and toilet."  Dkt. 1 at p. 4 of 7.  Plaintiff indicates he became cold in the cell.  Id.  Plaintiff also alleges Jail custody officers denied his requests for a blanket, an ace bandage, a phone call, toilet paper, and a private audience with a judge.  Id.  Plaintiff indicates he was unable to sleep because he was cold and uncomfortable.  Id.

At the same time, Plaintiff admits he continually refused to wear clothing provided to him by the Jail, and resisted the Jail's booking process throughout.  Id.  Plaintiff admits he was allowed to take a warm shower, but alleges the only purpose in allowing him to take a shower was to coerce him into putting on jail garb, which Plaintiff refused to do --

**DEFENDANT LOVICK'S MOTION TO DISMISS** (CV10-0609-JLR) **-
2**

S:\Civil\Litigation\Pleadings\Curt-Allen\Dismiss.doc

**Snohomish County
Prosecuting Attorney – Civil Division
Robert Drewel Bldg., 7th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

ostensibly in order to somehow withhold consent to jurisdiction over him. Id. Plaintiff alleges custody deputies told him he would be moved to better accommodations if he agreed to wear Jail garb. Id. Plaintiff alleges he was eventually transferred out of the Jail without having consented to wear Jail clothing or complete the booking process.

Plaintiff does not allege he had any contact with Defendant Lovick or that Lovick personally participated in any action, inaction, or wrongdoing that caused Plaintiff any harm. With respect to damages, however, Plaintiff seeks that Snohomish County Sheriff Lovick will "consider what would be a proper compensation from every employee income check (including himself) within the Snohomish County Sheriff Corrections Bureau that put me through or allowed such a torture to happen just to consent to their wishes." Dkt.1 at p. 6 of 7.

### III. **STATEMENT OF ISSUES**

1. Whether Plaintiff's claims against Defendant Lovick should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff has failed to allege facts and circumstances sufficient to establish the violation of a federally-protected right?

2. Whether Plaintiff's claim against Defendant Lovick should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff does not allege Lovick to have participated in any action, inaction, or wrongdoing?

3. Whether this frivolous suit should count as a "strike" against Plaintiff pursuant to 28 U.S.C. § 1915(g)?

### IV. **EVIDENCE RELIED UPON**

Defendants rely on the pleadings and exhibits on file in this case.

**DEFENDANT LOVICK'S MOTION TO DISMISS** (CV10-0609-JLR) - **3**

S:\Civil\Litigation\Pleadings\Curt-Allen\Dismiss.doc

**Snohomish County
Prosecuting Attorney – Civil Division
Robert Drewel Bldg., 7th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

## V. AUTHORITY

### A.     Legal Standard for Dismissal for Failure to State a Claim

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  A claim can only be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957).  The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. N.L. Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

Where a plaintiff appears *pro se* the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir.1982).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id.

**DEFENDANT LOVICK'S MOTION TO DISMISS** (CV10-0609-JLR) - **4**

S:\Civil\Litigation\Pleadings\Curt-Allen\Dismiss.doc

**Snohomish County
Prosecuting Attorney – Civil Division
Robert Drewel Bldg., 7th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

### B. Plaintiff's Complaint Must Be Dismissed Because He fails to State a Claim that His Rights were Violated.

Plaintiff does not cite any authority in his Complaint, but indicates he filed this case in United States District Court as a result of "the lack of consideration and abuse of jurisdiction from local, State, and U.S. Federal Corporation agents/Defendant's." Dkt. 1 at p. 3 of 7. Accordingly, Plaintiff's claim appears to allege a deprivation of rights under color of state and federal law pursuant to 42 U.S.C. § 1983.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he suffered a violation of a right protected by the Constitution or created by federal law, and 2) the violation was caused by a person acting under color of state or federal law. West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988); Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff must allege facts showing how an individually named defendant caused or personally participated in causing the alleged injury. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).

While it is not clear from the face of Plaintiff's pleading, the grievances aired in the Complaint regarding the time Plaintiff was in custody at Snohomish County Jail suggest a substantive due process challenge to the conditions of confinement at the Jail. As Plaintiff alleges he arrived at Snohomish County Jail after being arrested and booked on suspicion of having committed a criminal driving offense, Plaintiff's claim falls under the Fourteenth Amendment. Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004). The Due Process Clause of the Fourteenth Amendment protects a detainee from punishment "prior to an adjudication of guilt in accordance with due process of law." Bell v. Wolfish, 441 U.S. 520, 535, 99 S. Ct. 1861, 1872, 60 L. Ed. 2d 447 (1979).

**DEFENDANT LOVICK'S MOTION TO DISMISS** (CV10-0609-JLR) - **5**

S:\Civil\Litigation\Pleadings\Curt-Allen\Dismiss.doc

**Snohomish County  
Prosecuting Attorney – Civil Division  
Robert Drewel Bldg., 7th Floor, M/S 504**  
3000 Rockefeller Ave  
Everett, Washington  98201-4060  
(425)388-6330  Fax: (425)388-6333

In considering this claim the Court must contemplate "whether there was an express intent to punish, or 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purposes assigned [to it].'" Demery v. Arpaio, 378 F. 3d 1020, 1028 (9th Cir. 2004) (quoting Bell, 441 U.S. at 538, 99 S. Ct. at 1874).  "For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the detainee." Id. at 1029.  Further, "to constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement." Id. at 1030.

The U.S. Supreme Court has held corrections administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell, 441 U.S. at 547, 99 S. Ct. at 1878.  The Ninth Circuit has recognized that "[l]egitimate, non-punitive government interests include ensuring a detainee's presence at trial, maintaining jail security, and effective management of a detention facility." Jones, 393 F.3d at 932.

In this case, Plaintiff has alleged that he was forced to remain in an uncomfortable booking cell with few amenities because he refused to cooperate with the booking process at Snohomish County Jail.  Plaintiff's refusal to participate in the booking process included a refusal to don standard Jail garb.

**DEFENDANT LOVICK'S MOTION TO DISMISS** (CV10-0609-JLR) **-  6**

S:\Civil\Litigation\Pleadings\Curt-Allen\Dismiss.doc

**Snohomish County
Prosecuting Attorney – Civil Division
Robert Drewel Bldg., 7th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

Even when Plaintiff's allegations are assumed to be true for the purpose of this motion to dismiss pursuant to Rule 12(b)(6), Plaintiff has failed to establish that his rights were violated. Any discomfort suffered by Plaintiff appears to be a result of his refusal to cooperate with Jail booking officers and Jail procedures rather than any intent by officers to punish him. Defendant Lovick is unaware of any authority requiring jails to allow inmates to wear their street clothes if they elect to do so. Lovick is likewise unaware of any authority suggesting a jailor's requirement that an inmate change out of street clothes into standard jail clothing before being admitted into a jail facility (or any other injury complained of by Plaintiff) exceeds or is somehow independent of "the inherent discomforts of confinement." Demery, 378 F. 3d at 1030.

**C.  Plaintiff's Complaint Must Be Dismissed because Plaintiff does not allege Defendant John Lovick was involved in any wrongdoing.**

As discussed above, a plaintiff must allege facts showing how an individually named defendant caused or personally participated in causing the alleged injury in order to maintain a § 1983 suit against the defendant. Arnold, 637 F.2d at 1355. Where a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.1979). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993).

Plaintiff has not alleged Defendant Lovick personally participated in the alleged deprivation of constitutional rights, nor has Plaintiff alleged Lovick knew of the alleged violations and failed to act to prevent them. Additionally, while Plaintiff has named Lovick

**DEFENDANT LOVICK'S MOTION TO DISMISS** (CV10-0609-JLR) - **7**

S:\Civil\Litigation\Pleadings\Curt-Allen\Dismiss.doc

**Snohomish County
Prosecuting Attorney – Civil Division
Robert Drewel Bldg., 7th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

as a defendant, Plaintiff does not allege any link whatsoever between Lovick's supervisorial position and the claimed violation. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.1979).[1] Plaintiff's failure to allege Lovick participated in any activity that resulted in injury to him provides the Court an additional basis for dismissing Plaintiff's claim.

### D.  This frivolous suit should count as a "strike" against Plaintiff pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) of the 1996 Amendments to the Prison Litigation Reform Act ("PLRA") prevents a prisoner from proceeding *in forma pauperis* if the plaintiff has brought more than three frivolous or malicious lawsuits or lawsuits that fail to state a claim while incarcerated, "unless the prisoner is under immediate danger of serious physical injury." 28 U.S.C. § 1915(g).

The PLRA was enacted to deter actions such as this one. As demonstrated in the preceding pages, Plaintiff's claim is utterly frivolous. A cursory reading of the Complaint suggests Plaintiff drafted and filed it simply out of resentment rather than due to some legitimate claim against employees of the Jail.

Plaintiff's lawsuit wastes the time and resources of the Court and of the parties. Accordingly, upon granting the Defendants' request for dismissal in this case, the Court should seek to deter further frivolous filings from Plaintiff, and send a strong message to Plaintiff. The court should rule that this action counts as a strike against Plaintiff under the PLRA.

---

[1] Plaintiff likewise does not suggest Lovick or other officers to have abridged his rights in accordance or connection with any Jail policy, practice, or custom. See Monell v. Dept. of Social Services, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978).

**DEFENDANT LOVICK'S MOTION TO DISMISS** (CV10-0609-JLR) - **8**

S:\Civil\Litigation\Pleadings\Curt-Allen\Dismiss.doc

**Snohomish County
Prosecuting Attorney – Civil Division
Robert Drewel Bldg., 7th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington  98201-4060
(425)388-6330  Fax: (425)388-6333

## VI. **CONCLUSION**

Plaintiff's claims against Defendant John Lovick and his spouse should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, this frivolous suit should count as a "strike" against Plaintiff pursuant to 28 U.S.C. § 1915(g).

Dated this 27th day of May, 2010.

>MARK K. ROE
>Snohomish County Prosecuting Attorney
>
>/s/ SEAN D. REAY
>Sean D. Reay, WSBA No. 33622
>Attorney for Snohomish County Defendants
>Snohomish County Prosecuting Attorney – Civil Division
>3000 Rockefeller Ave., M/S 504
>Everett, Washington 98201
>(425) 388-6330/FAX: (425) 388-6333
>Email: sreay@co.snohomish.wa.us

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:
1.   Jeremy W. Culumber at jculumber@kbmlawyers.com

and I hereby certify that I have via ABC/Legal Messengers, delivered the foregoing document to the following non CM/ECF participant: <u>Curt-Allen: of the family of Byron, 12732 52nd Drive N.E., Marysville, WA 98271</u>.

>s/ SEAN D. REAY
>Sean D. Reay, WSBA No. 33622
>Attorney for Defendants
>Email: sreay@co.snohomish.wa.us

**DEFENDANT LOVICK'S MOTION TO DISMISS** (CV10-0609-JLR) - 9

S:\Civil\Litigation\Pleadings\Curt-Allen\Dismiss.doc

**Snohomish County
Prosecuting Attorney – Civil Division
Robert Drewel Bldg., 7th Floor, M/S 504**
3000 Rockefeller Ave
Everett, Washington 98201-4060
(425)388-6330  Fax: (425)388-6333