1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| CURT-ALLEN: OF THE FAMILY BYRON,<br><br>Plaintiff,<br><br>v.<br><br>JOHN LOVICK, et al.,<br><br>Defendants. | CASE NO. C10-0609JLR<br><br>ORDER DENYING MOTIONS FOR DEFAULT |
|---|---|

Before the court are eight motions for entry of default filed by Plaintiff Curt-Allen: of the family Byron against numerous high-ranking government officials, including the Governors of Washington and California, the United States Secretary of State, and the United States President. (Dkt. ## 27-34.) The court DENIES the motions. Plaintiff failed to serve the parties he now seeks default against – service is a prerequisite to filing a motion for default, *see* Fed. R. Civ. P. 55 – and therefore has no basis for

ORDER DENYING MOTIONS FOR DEFAULT - 1

moving for default judgment. In addition to failing to serve the parties, Plaintiff also has no colorable claim against any of the parties he now seeks default against.

Plaintiff has attempted to bring claims against Defendants in this case as well as those identified in a related case he filed against the Arlington Police Department, Snohomish County Sheriff's Department, and a number of high-ranking government officials. *See Curt Allen v. Arlington Police Dep't, et al.*, No. 10-1086JLR (W.D. Wash. filed July 1, 2010). In both cases, Plaintiff has inundated the court with frivolous motions, the frequency of which seems to be increasing. (*See* No. 10-1086JLR (Dkt. ## 6, 8, 9) (Plaintiff's motions requesting to freeze assets held by a towing company and to enjoin the municipal court from proceeding in a related criminal proceeding); No. 10-0609 (Dkt. ## 10, 16, 17, 27-34) (In addition to the current motions for default, Plaintiff has also filed a motion to deny the individual Defendants a right to a government attorney and a motion to amend his pleadings to add additional high-ranking government officials.) Although Plaintiff's conduct has not arisen to a level, *yet*, that would require the court to begin the process of declaring him a vexatious litigant, the court is compelled to caution Plaintiff that his most recent filings are of concern to the court and to educate Plaintiff on his obligation to abstain from frivolous litigation.

Federal courts have the discretion to enjoin certain litigants from engaging in frivolous litigation. *See* 28 U.S.C. § 1651; *Clinton v. United States*, 297 F.2d 899 (9th Cir. 1961). Litigation misconduct is also sanctionable under the court's inherent powers. *See* Local Rules W.D. Wash. GR 3(d) (giving the court authority to sanction a party who "presents to the court unnecessary motions or unwarranted opposition . . ., or who

otherwise so multiplies or obstructs the proceedings in a case as to increase the cost thereof unreasonably and vexatiously"); Fed. R. Civ. P. 11 (allowing for sanctions where "a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose"); *see also Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). Accordingly, the court has the inherent authority to both enjoin Plaintiff's future filings and to issue sanctions if he continues to abuse the judicial process by acting vexatiously, wantonly, or with oppressive motives. *See Gomez v. Vernon*, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)).

When faced with litigation abuses by a *pro se* party, a court "cannot . . . decline to impose a sanction, where a violation has arguably occurred, simply because plaintiff is proceeding *pro se*." *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). The sanctions that may be imposed under any or all of the above authorities include monetary sanctions and the imposition of a standing bar order that limits a plaintiff's ability to file future actions *pro se*.

Dated this 9th day of August, 2010.

JAMES L. ROBART
United States District Judge