1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

| | |
|---|---|
| CURT-ALLEN: OF THE FAMILY BYRON, | CASE NO. C10-0609JLR |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| JOHN LOVICK, et al., | |
| Defendants. | |

10
11
12
13
14
15

   Before the court is Defendant John Lovick's motion to dismiss pursuant to Rule

16

12(b)(6) of the Federal Rules of Civil Procedure (Dkt. # 13.)  Having reviewed the papers

17

submitted in support and in opposition to the motion, and deeming oral argument

18

unnecessary, the court GRANTS the motion and dismisses Plaintiff's complaint with

19

prejudice.

20
21
22

ORDER GRANTING MOTION TO DISMISS - 1

# I.   BACKGROUND

Plaintiff Curt-Allen of the Family of Byron ("Plaintiff") avers that on April 3, 2010, he was stopped by a Marysville police officer in the City of Arlington because the vehicle he was driving at the time had no license plate. (Compl. (Dkt. # 1) at 3.) When the officer requested to see Plaintiff's registration and insurance, Plaintiff informed the officer that he had not given him "consent or any just power over me." (*Id.*) Plaintiff was then booked into the Snohomish County Corrections facility. (*Id.*) He claims that he did not "give consent to their booking and removal of my clothes for [me] to put on their jailhouse clothes and slippers." (*Id.*) Plaintiff alleges he was placed in a booking cell consisting only of a "concrete floor, concrete bench and brick walls with a steel sink and toilet." (*Id.* at 4.) Plaintiff further alleges that he was denied a blanket, an ace bandage, a phone call, toilet paper, and a private audience with a judge. (*Id.*) Plaintiff was unable to sleep because he was cold and uncomfortable. (*Id.*) At all times, Plaintiff refused to wear the clothing provided by the correctional facility. (*Id.*) Plaintiff admits he was allowed to take a warm shower, but alleges the only purpose in allowing him to take a shower was to coerce him into putting on jail garb, which Plaintiff refused to do. (*Id.*)

Plaintiff's complaints relating to his condition during confinement could be construed as a claim for deprivation of rights under color of state and federal law pursuant to 42 U.S.C. § 1983. Unfortunately, Plaintiff has named every high-ranking official in Washington state, as well as the United States Secretary of State and the President, as being involved in the deprivation of his rights. The court cannot find any basis whatsoever for a claim against individuals who were not involved in Plaintiff's

1    arrest or detention.  With respect to the police officers and correctional officers directly

2    involved in Plaintiff's arrest and detention, Plaintiff fails to articulate any causes of action

3    against them.  The best the court can do is interpret Plaintiff's factual statement as an

4    attempt to set forth a claim for violation of his substantive due process rights under the

5    Due Process Clause of the Fourteenth Amendment to the United States Constitution.

6                                    **II.    ANALYSIS**

7    **A.    Rule 12(b)(6) Standard**

8            When considering a motion to dismiss under Federal Rule of Civil Procedure

9    12(b)(6), the court construes the complaint in the light most favorable to the non-moving

10   party.  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir.

11   2005).  The court must accept all well-pleaded facts as true and draw all reasonable

12   inferences in favor of the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys.*, 135 F.3d

13   658, 661 (9th Cir. 1998).  "To survive a motion to dismiss, a complaint must contain

14   sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

15   face.'"  *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl.*

16   *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see al-Kidd v. Ashcroft*, 580 F.3d 949,

17   956 (9th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual

18   content that allows the court to draw the reasonable inference that the defendant is liable

19   for the misconduct alleged."  *Id*.  Dismissal under Rule 12(b)(6) can be based on the lack

20   of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

21   legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In

22   the event the court finds that dismissal is warranted, the court should grant the plaintiff

1   leave to amend unless amendment would be futile.  *Lopez v. Smith*, 203 F.3d 1122, 1127

2   (9th Cir. 2000).

3   **B.      Due Process Claims**

4          In 1979, the United States Supreme Court held in *Bell v. Wolfish* that "under the

5   Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in

6   accordance with due process of law."  441 U.S. 520, 535 (1979).  For the act to be

7   considered unconstitutional punishment, it (1) must cause the detainee to suffer some

8   harm or "disability," and (2) the purpose of the governmental action must be to punish

9   the detainee.  *Id.* at 538 ("A court must decide whether the disability is imposed for the

10  purpose of punishment or whether it is but an incident of some other legitimate

11  governmental purpose."); *see also Demery v. Arpaio*, 378 F.3d 1020, 1029-30 (9th Cir.

12  2008).  The Court has also held that corrections administrators "should be accorded wide-

13  ranging deference in the adoption and execution of policies and practices that in their

14  judgment are needed to preserve internal order and discipline and to maintain institutional

15  security."  *Bell*, 441 U.S. at 547.  The Ninth Circuit has also recognized that

16  "[l]egitimate, non-punitive government interests include ensuring a detainee's presence at

17  trial, maintaining jail security, and effective management of a detention facility."  *Jones*

18  *v. Blanas*, 393 F.3d 918, 931 (9th Cir. 2004).

19         Here, Plaintiff alleges he was cold and uncomfortable because he refused to wear

20  the jailhouse clothing that the correctional facility required him to wear.  Even assuming

21  all of Plaintiff's allegations are true, the "disability" suffered by Plaintiff was the result of

22  his refusal to cooperate in the booking process at the correctional facility.  The court can

1    find no authority for the allegation that a correctional facility may not require its inmates

2    to don clothing provided by the facility.  Nor does the court find that Plaintiff's state of

3    being cold and uncomfortable rises to the level of having suffered a harm or disability at

4    the hands of the correctional facility.  The court finds that Plaintiff fails to state a claim

5    against any of the defendants directly involved in his arrest[1] and booking.  The court

6    finds there is no factual or legal allegation in Plaintiff's complaint that can overcome the

7    deference that is accorded a correctional administrator in the "adoption and execution of

8    policies and practices that in their judgment are needed to preserve internal order and

9    discipline and to maintain institutional security."  *Jones*, 393 F.3d at 931.

10                                    **III.    CONCLUSION**

11           For the reasons stated, the court GRANTS Defendant's motion to dismiss pursuant

12   to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. # 13), and dismisses

13   Plaintiff's complaint with prejudice.

14

15

16

17

18

19

20

21

22

---

[1] Aside from Plaintiff's allegations that he was arrested "without his consent," he does not seek any relief relating to the arrest.  His injuries—numbness to his large toes and right heel—relate to his confinement; not his arrest.  (Compl. at 7.)

ORDER GRANTING MOTION TO DISMISS - 5

1    Dated this 2nd day of September, 2010.

2

3

4    _____
     JAMES L. ROBART
5    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER GRANTING MOTION TO DISMISS - 6